UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
--------------------------------------------------------
In re
    KEVIN C. CREELEY                             BK 21-10522 CLB

                            Debtor.                 <u>DECISION & ORDER</u>
--------------------------------------------------------
    MARK J. SCHLANT, TRUSTEE IN
    BANKRUPTCY FOR KEVIN C. CREELEY

                          Plaintiff,                 AP 21-1030 CLB

    v.

    MARIE E. SMIERCIAK,

                          Defendant.
--------------------------------------------------------

                    Mark J. Schlant, Esq.
                    1600 Main Place Tower
                    350 Main Street
                    Buffalo, New York 14202
                    Chapter 7 Trustee

                    Thomas Denny, Esq.
                    Law Office of Thomas Denny
                    331 Alberta Drive, Suite 214
                    Amherst, New York 14226
                    Attorney for Kevin C. Creeley and Marie E. Smierciak

Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.

       The Chapter 7 trustee moves for summary judgment in an adversary proceeding brought under 11 U.S.C. § 548 to avoid a pre-petition transfer from the debtor to the mother of his minor child. The primary issue is whether the satisfaction of a moral duty provides reasonably equivalent value for an allegedly fraudulent transfer. A further question is whether the debtor retains an exemption under 11 U.S.C. § 522(d)(11)(D) for property traceable to a payment on account of personal bodily injury.

       The parties do not dispute the essential facts of this case. Kevin Creeley and Marie Smierciak are the parents of a teenage daughter who presently resides with her mother.

Creeley and Smierciak were never married to each other. Rather than to seek a determination of support obligations in state court, the mother accepted an informal arrangement of financial assistance from the father. On or about December 28, 2020, Creeley recovered the net sum of $26,329.94 as a settlement of a personal injury claim. Two days later, he gave $8,000 of those proceeds to Smierciak, to enable her to purchase an automobile. By mid-January of 2021, Creeley had spent all but $4,500.23 of his settlement. By May, essentially all of the proceeds were dissipated.

Kevin Creeley filed a petition for relief under Chapter 7 of the Bankruptcy Code on May 17, 2021. Schedules filed with that petition show no non-exempt assets with which to satisfy the claims of creditors. Three months later, the trustee commenced the present adversary proceeding against Marie Smierciak for a return of the $8,000 that she had received. In his amended complaint, the trustee seeks to avoid the transfer as a fraudulent conveyance under 11 U.S.C. § 548. Alternatively, to the extent that the $8,000 represents the repayment of an obligation owed by the debtor, the trustee asks to avoid the transfer as a preference under 11 U.S.C. § 547.

Both Creeley and Smierciak are represented by the same counsel. Marie Smierciak answered the trustee's complaint on October 10, 2021, and on December 17, the trustee filed the present motion for summary judgment. Subsequently, Kevin Creeley amended his schedules to claim an exemption in property traceable to the personal injury settlement. The trustee has also objected to that exemption. After the presentation of argument on three separate occasions, the matter is now ready for decision.

### Claim to Recover Fraudulent Conveyance

In relevant part, section 548(a)(1) of the Bankruptcy Code provides as follows:

> "The trustee may avoid any transfer . . . of an interest of
> the debtor in property, or any obligation incurred . . . by

> the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily . . . (B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and (ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation . . . . "

Smierciak here concedes that she received $8,000 from the debtor less than two years prior to commencement of this bankruptcy case and at a time when the debtor was insolvent. However, she disputes the lack of equivalent consideration and contends that the payment satisfied a moral and legal duty to provide for the care of a dependent child. Smierciak represents that the daughter needs access to reliable transportation. The defendant asserts that the payment was based on an understanding that the $8,000 would be used to purchase an automobile that would facilitate care for the debtor's dependent.

The defendant misreads the requirements for liability under 11 U.S.C. § 548. This statute does not necessarily limit exposure in every instance where the debtor receives consideration. Rather, subdivision (a)(1)(B)(i) applies whenever the debtor "received less than a reasonably equivalent value in exchange for such transfer." Value is then defined in 11 U.S.C. § 548(d)(2)(A) to mean "property, or satisfaction or securing of a present or antecedent debt of the debtor, *but does not include an unperformed promise to furnish support to the debtor or a relative of the debtor."* (Emphasis added). Support for a dependent child may constitute consideration, but for purposes of section 548, value excludes payment on account of an unperformed promise of support.

In interpreting section 548(d)(2)(A), courts have distinguished support obligations from "unperformed promises of support." *See Nathan v. Libra (In re Libra)*, 584 B.R. 550, 562 - 64 (Bankr. E.D. Mich. 2018). The defining difference is whether the payment satisfies an obligation established by judicial directive, by agreement or by custom and practice. In the present instance, the defendant presents no evidence of any obligation

of the debtor to pay the cost of a vehicle. Smierciak concedes the absence of any court order or written agreement to provide support. This is not an case where the debtor disbursed funds to satisfy a defined and extant liability. Nor is Creeley's payment of $8,000 like the expenditures in *Brick v. Conti (In Re Conti)*, 572 B.R. 73 (Bankr. W.D.N.Y. 2017), where this Court found that the debtor derived reasonably equivalent value from the cost of his continuous, ongoing and regular maintenance of a family residence.

The record in this case shows that Creeley regularly paid a variety of bills for the direct or indirect benefit of his daughter. Due to the ongoing nature of these expenditures, the trustee had reason to accept the defendant's position that they satisfied a support obligation. In contrast, the special payment of $8,000 was extraordinary and not consistent with any custom or prior practice. At best, the distribution fulfills only what 11 U.S.C. §548(d)(2)(A) identifies as an "unperformed promise to furnish support to . . . a relative of the debtor." Having received no value within the meaning of the statute, Creeley effected a fraudulent conveyance that the trustee may now recover for the benefit of creditors.

Exemption Claim

After the trustee commenced this adversary proceeding, the debtor amended Schedule C of his bankruptcy petition to claim an exemption in all proceeds of his personal injury settlement. Relying on this amendment, the defendant contends that the $8,000 payment is an asset exempt from bankruptcy administration under 11 U.S.C. § 522(d)(11)(D). In relevant part, this section states that the debtor may exempt "property that is traceable to . . . a payment, not to exceed $25,150, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor." Smierciak asserts that because the property in her possession is traceable to the personal injury settlement, it remains exempt even after

its transfer from the debtor's possession and control. In response, the trustee objects to the exemption and argues that the right to that claim was forfeited when Creeley transferred the money prior to the filing of his bankruptcy petition.

Section 548 of the Bankruptcy Code allows a trustee to "avoid any transfer" that satisfies the statutory conditions of a fraudulent conveyance. The concept of "any transfer" is amply broad to include transfers of both non-exempt and exempt assets. Pursuant to 11 U.S.C. § 550(a), to the extent that a transfer is avoided under section 548, the trustee may recover the transferred property "for the benefit of the estate." The exempt status of that recovered asset is then resolved by 11 U.S.C. § 522(g), which provides in relevant part as follows:

> "Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section . . . 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if – (1)(A) such transfer was not a voluntary transfer of such property by the debtor; and (B) the debtor did not conceal such property; or (2) the debtor could have avoided such transfer under subsection (f)(1)(B) of this section."

Subsection (f)(1)(B) deals with nonpossessory, nonpurchase-money security interests and has no application to the present facts. To exempt a recovery of the payment of $8,000, therefore, the debtor must satisfy the conditions of section 522(g)(1)(A), which allows an exemption if "such transfer was not a voluntary transfer of such property by the debtor." In the present instance, Creeley's payment to Smierciak was voluntary. The fraudulent conveyance is therefore not something that the debtor may exempt under 11 U.S.C. § 522(b), but is instead property that the trustee may recover for the benefit of creditors.

Conclusion

The Court has carefully considered all of the defendant's other arguments and finds them to be without merit. For the reasons stated herein, the trustee's motion for summary judgment is granted with respect to his first cause of action under 11 U.S.C. § 548. Having found liability on the fraudulent conveyance cause of action, we need not consider the trustee's preference claim. The trustee's objection to the claim of exemption is sustained to the extent that the debtor seeks to exempt an interest in moneys transferred to the defendant. Judgment will be granted to the bankruptcy estate against Marie E. Smierciak in the amount of $8,000, together with costs and interest at the statutory rate. The trustee is directed to submit a proposed judgment for this amount.

So ordered.

Dated: September 23, 2022          /s/ Carl L. Bucki_____  _____
       Buffalo, New York           Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.